# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3335 | **DATE** | 8/20/2003 |
| **CASE TITLE** | Glenn Pope vs. Smith-Rothchild Financial Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss is granted. Plaintiff's Amended Complaint is dismissed without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GLENN L. POPE, | ) |
| Plaintiff, | ) ) ) ) |
| | ) No. 03 C 3335 |
| v. | ) ) |
| SMITH-ROTHCHILD FINANCIAL COMPANY, WD INVESTMENT COMPANY, LLC and KEVIN WERNER, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, Judge:

Glenn Pope filed a four-count complaint against Smith-Rothchild Financial Company, WD Investment Company, LLC and Kevin Werner. Defendants move to dismiss each count pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Defendants' motion is granted.

**DOCKETED**

**AUG 2 1 2003**

## BACKGROUND

### I. Legal Standards

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint, instead of the merits of the case. *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). The Court views all the facts alleged in the complaint, as well as any reasonable inferences drawn from those facts, in the light most favorable to the plaintiff. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). Dismissal is appropriate only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with

the allegations" of the complaint. *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). While a complaint need not set out in detail the facts upon which a plaintiff bases his claim, *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985), it must "include either direct or inferential allegations with respect to all material elements of the claims asserted." *Indus. Hard Chrome Ltd. v. Hetran, Inc.*, 64 F.Supp.2d 741, 744 (N.D. Ill. 1999) (citing *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991)). Attaching bare legal conclusions to narrated facts fails to satisfy federal pleading requirements. *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985).

## II. Allegations

Plaintiff and Defendants jointly invested in certain real property pursuant to a written contract. (R. 7-1, Am. Compl. ¶ 3.) In that contract, Pope promised to pay the cost to acquire the property. Werner agreed to arrange for all of the financing of the transaction. Once the parties sold the property, Pope would receive fifty percent of the profits from that sale. (*Id.* ¶ 4.)

Pursuant to the contract, Pope paid an initial investment of $15,000. Defendants used this money to purchase and sell certain property. (*Id.* ¶¶ 5-6.) Defendants, however, failed to keep up with their end of the bargain when they sold the property. Defendants opted not to sell the property to the highest qualified bidder, chose not inform Pope before selling the property and failed not give Pope half of the profits. (*Id.* ¶¶ 4-5.) In addition, Defendants made various false statements on the closing and accounting statements which resulted in a smaller profit for Pope. (*Id.* ¶¶ 7-9.)

**ANALYSIS**

Plaintiff's Complaint is based on four state common law causes of action: (1) breach of fiduciary duty, (2) fraud, (3) breach of covenant of good faith and fair dealings, and (4) breach of contract. Defendant attacks each of these claims. Before addressing those arguments, the Court will analyze its basis for subject matter jurisdiction over this action.

**I. Subject Matter Jurisdiction Is Dependent On Whether Punitive Damages Are Available To Defendants**

Plaintiff alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, which requires a diversity of citizenship and an amount in controversy of at least $75,000. In order to satisfy the amount in controversy requirement for diversity jurisdiction, a plaintiff's claim of damages of more than $75,000 must be made in good faith. *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). Pope claims to have suffered $35,353.41 in compensatory damages. (R. 7-1, Am. Compl. at 9.) He also seeks $2,000,000 worth of punitive damages. (*Id.*) Therefore, to satisfy the jurisdictional prerequisite, Pope must sufficiently allege that he is entitled to punitive damages.

Under Illinois law, punitive damages are available to plaintiffs successfully pleading and eventually proving fraud. Additionally, Illinois law allows punitive damages with a fiduciary duty claim so long as the breach of duty is "accompanied by aggravating circumstances such as wilfulness, wantonness, malice or oppression so as to their warrant imposition as punishment." *In re Estate of Wernick*, 502 N.E. 2d 1146, 1156-57 (Ill. App. Ct. 1986). If Pope's claims for fraud and breach of fiduciary duty fail, he cannot recover punitive damages under his remaining breach of contract counts. *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co., Inc.*, 313

3

F.3d 385, 390 (7th Cir. 2002) (Illinois follows rule that punitive damages are unavailable to plaintiff under a breach of contract theory unless that plaintiff "show[s] that the breach of contract involved tortious misconduct, such as duress or fraud or abuse of fiduciary duty."). Defendants believe that Pope has failed to state a claim for fraud and breach of fiduciary duty. If Defendants are correct, Pope's own allegations show that he is entitled to recover far less than the $75,000 jurisdictional requirement.

## II  Plaintiff Has Not Sufficiently Alleged That Defendants Breached Any Fiduciary Duty

Under Illinois law, a plaintiff may recovery for breach of fiduciary duty where: (1) a fiduciary duty exists on defendant's part; (2) the defendant breached that fiduciary duty; and (3) damages proximately resulted from the breach. *Lucini Italia Co. v. Grappolini*, 231 F.Supp.2d 764, 770 (N.D. Ill. 2002). Defendants argue that the Court should dismiss this claim because Pope failed to plead the existence of a fiduciary duty. The Court agrees. Pope's Complaint contains no allegation that a fiduciary duty existed. Pope has only alleged that the parties had a contractual relationship. Unfortunately for Pope, a contractual relationship alone does not normally create a fiduciary duty. *Oil Express Nat'l, Inc. v. Latos*, 966 F.Supp. 650, 650-51 (N.D. Ill. 1997).

Pope counters that a principle-agent relationship creates a fiduciary relationship as a matter of law. Illinois law supports this contention. *See Stathis v. Geldermann, Inc.*, 692 N.E.2d 798, 809 (Ill. App. Ct. 1998). In his Complaint, however, Pope fails to allege any facts supporting the existence of a principle-agent relationship. Accordingly, Defendants' motion to dismiss Plaintiff's breach of fiduciary duty claim is granted.

## III. Plaintiff Has Not Sufficiently Alleged That Defendants Engaged In Fraud

A plaintiff alleging fraud must do so with particularity. Fed. R. Civ. P. 9(b); *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). A claim for fraud under Illinois law includes five elements: "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement." *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 591 (Ill. 1996). Defendant argues that Pope has not pled the cause of action and its elements with particularity.

### A. Pope has not Individualized Defendants' Conduct

Plaintiff alleges that Defendants made fraudulent representations in the written contract, the closing documents and the accounting documents. He fails, however, to plead with any sort of particularity in terms of whom did what. Instead, Pope lumps Defendants together in each allegation. This strategy falls short of meeting the particularity standard. *Shapo v. Engle*, No. 98 C 7909, 1999 WL 1045086, at *13 (N.D. Ill. Nov 12, 1999) ("Where there are multiple defendants, the complaint must notify each defendant of the specific act purportedly committed by the defendant, which justifies that defendant's inclusion in the particular count.").

### B. Pope has not Sufficiently Alleged that Defendants Knew that the Statements were False

Pope also fails to properly plead Defendants' state of mind. Under Illinois law, Defendants must have known that their representations were false. *Connick*, 675 N.E.2d at 591. Plaintiffs' allegations only state that Defendants "knew *or should have known*" that their statements were false. This is insufficient. *Landon v. GTE Communications Servs. Inc.*, 696

5

F.Supp. 1213, 1221 (N.D. Ill. 1988).

### C. Pope has not Sufficiently Alleged any Statements that Can Provide the Basis for his Fraud Claim

The only alleged false statements that Plaintiff alleges with any sort of particularity are those made in the closing and accounting documents. Pope does not allege, however, that Defendants made these statements intending to induce the plaintiff to act, that he relied upon the truth of these statements or that he suffered damages as a result of that reliance. Therefore, Pope has not properly pleaded common law fraud under Illinois law.

### D. Plaintiff has not Alleged a Claim for Constructive Fraud

Plaintiff attempts to stave off dismissal by arguing that Defendants' actions constitute constructive fraud. Under Illinois law, however, a plaintiff must show that a confidential or fiduciary duty exists and that such duty was breached to recover on a constructive fraud claim. *Stathis v. Geldermann, Inc.*, 692 N.E.2d 798, 809 (Ill. App. Ct. 1998). As discussed previously, Pope has not sufficiently pled a breach of a fiduciary duty. *See supra*, Section I. Thus, Plaintiff cannot maintain a claim for constructive fraud. Accordingly, Pope has not sufficiently alleged any type of fraud recognized by Illinois common law.

## IV. With Plaintiff's Claims For Fraud And Breach Of Fiduciary Duty Failing, The Court Does Not Have Subject Matter Jurisdiction Over The Action

Because Plaintiff has not sufficiently alleged fraud or breach of a fiduciary duty, punitive damages are not available to Pope. Even if successful on his remaining breach of contract actions,[1] Plaintiff has not alleged facts to show that compensatory damages in themselves exceed

---

[1] Although the Court need not address the issue, it does note that Plaintiff could not maintain a cause of action for breach of a covenant of good faith and fair dealings. This is not an independent cause of action under Illinois law. *See Beraha v. Baxter Health Care Corp.*, 956

$75,000. Instead, Pope claims that his compensatory damages equal $35,353.41. Without subject matter jurisdiction, the Court dismisses Pope's Complaint in its entirety.

## CONCLUSION

Defendant's motion to dismiss is granted. Pope has failed to sufficiently plead causes of action for fraud and breach of fiduciary duty. Subject matter jurisdiction over Plaintiff's Complaint is based upon the availability of punitive damages, which are unavailable under Plaintiff's remaining claims. Accordingly, Pope's Complaint is dismissed without prejudice.

DATED: August 20, 2003              ENTERED

                                    _____
                                    AMY J. ST. EVE
                                    United States District Court Judge

---

F.2d 1436, 1443 (7th Cir. 1992).