

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3335 | **DATE** | 12/5/2003 |
| **CASE TITLE** | Pope vs. Smith Rothchild | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss the complaint is granted. The case is dismissed for lack of subject matter jurisdiction. Status hearing set for 1/5/04 is stricken. Any other pending dates are stricken.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 0 8 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 22 |
| | Copy to judge/magistrate judge. | | DEC 0 8 2003 | |
| ✓ TH | courtroom deputy's initials | 03 DEC -5 PM 4:02 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLENN L. POPE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) No. 03 C 3335 |
| v. | ) |
| | ) |
| SMITH-ROTHCHILD FINANCIAL COMPANY, | ) |
| WD INVESTMENT COMPANY, LLC and | ) |
| KEVIN WERNER, PATRICIA WERNER AND | ) |
| ANTHONY DISANO, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, Judge:

On August 20, 2003, this Court dismissed Plaintiff's Amended Complaint without prejudice for failure to plead fraud and breach of fiduciary duty, and for lack of subject matter jurisdiction. *See Pope v. Smith-Rothchild Fin. Co., et al.*, No. 03 C 3335, 2003 WL 21994023 (N.D. Ill. Aug. 21, 2003). On September 9, 2003, Plaintiff filed a Second Amended Complaint. (R. 15-1, Second Amended Complaint ("SAC").) Defendants move to dismiss each count of the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). For the reasons stated herein, Defendants' motion is granted and the case is dismissed for lack of subject matter jurisdiction.

## FACTUAL ALLEGATIONS

Defendant Kevin Werner is the owner and manager of Defendant WD Investment Company and the Vice President of Defendant Smith-Rothchild Financial Company. (R. 15-1,

SAC ¶ 3.) Defendants Kevin Werner, Patricia Werner and Anthony Disano are members of the WD Investment Company. (*Id.*) Plaintiff and Defendant Kevin Werner, acting on behalf of Smith-Rothchild and WD Investments, jointly invested in certain real property pursuant to a written contract. (*Id.* ¶ 4.) The property was located at 7539 South Phillips Avenue, Chicago, Illinois. (*Id.*) Plaintiff promised to pay the cost to acquire the property. (*Id.*) Werner agreed to arrange for the financing of the transaction. (*Id.*) Once the parties sold the property, the parties agreed that each party would receive fifty percent of the profits from that sale. (*Id.*)

Pursuant to the contract, Pope paid an initial investment of $15,000. (*Id.* ¶ 10.) Defendants purchased the property for $160,000. (*Id.* ¶ 5.) Defendants subsequently sold the property for $260,450.81 "without informing the Plaintiff and refused to consider another qualified purchaser who was offering a higher price." (*Id.*) Plaintiff alleges that he only received $14,872.00 from the sale, rather than the $50,225.41 to which he was entitled. (*Id.*) In addition, Plaintiff contends that Defendants made various false statements on the closing and accounting statements which resulted in a smaller profit for Plaintiff. (*Id.* ¶¶ 7-10.)

## ANALYSIS

The SAC alleges fraud (count I), breach of contract (count II), breach of fiduciary duty (count III), breach of covenant of good faith (count IV) and constructive fraud (count V). Defendants seek to dismiss each count pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).

### I. Legal Standards

Defendant seeks to dismiss this case under both Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. A Rule 12(b)(1) motion to dismiss

tests the federal jurisdiction of a complaint. *See* Fed. R. Civ. P. 12(b)(1). It is well settled that federal jurisdiction is limited to cases of "actual controversy." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67, 117 S. Ct. 1055, 1068, 137 L. Ed. 2d 170 (1997). Plaintiffs bear the burden of proving the existence of subject matter jurisdiction. *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980). In analyzing a Rule 12(b)(1) motion, the Court may look beyond the pleadings. *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999); *Int'l Harvester*, 623 F.2d at 1210. The Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Long*, 182 F.3d at 554; *Neiman v. Rudolf Wolff & Co., Ltd.*, 619 F.2d 1189, 1190 (7th Cir. 1980).

The purpose of a motion to dismiss under Rule 12(b)(6) is to "test the sufficiency of the complaint, not to decide the merits" of the case. *Triad Assocs., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court views "the complaint in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in his or her favor." *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003) (citations omitted). Dismissal is appropriate only where it appears beyond doubt that under no set of facts would plaintiff's allegations entitle him to relief. *See Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999); *Kennedy v. National Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999).

In order to assess whether the Court has jurisdiction, the Court must first address several aspects of the motion to dismiss for failure to state a claim.

## II. Fraud (Count I)

Defendants argue that Plaintiff has failed to state a claim for fraud under Illinois law because Plaintiff has alleged misrepresentations based on future conduct which do not constitute fraud in Illinois. It is true that where an alleged misrepresentation relates to a future event, it is generally not actionable in Illinois. *LaScola v. U.S. Sprint Communications*, 946 F.2d 559, 568 (7th Cir. 1991). An exception to this rule exists for promissory fraud. "Promissory fraud is a false representation of intent concerning future conduct, such as a promise to perform a contract when there is no actual intent to do so." *Houben v. Telular Corp.*, 231 F.3d 1066, 1074 (7th Cir. 2000). The promise must be part of a scheme to defraud. *Id.* Promissory fraud is a "disfavored cause of action in Illinois because fraud is easy to allege and difficult to prove or disprove." *Bower v. Jones*, 978 F.2d 1004, 1012 (7th Cir. 1992). Thus, "the burden on a plaintiff claiming promissory fraud is deliberately high," and the plaintiff must "be able to point to specific, objective manifestations of fraudulent intent." *Id.*

Plaintiff has not met his high burden. He does not allege that a scheme to defraud existed. He does not allege that Werner's statements were made as part of or in furtherance of a scheme to defraud. Allegations of a scheme are essential, because "otherwise, anyone with a breach of contract claim could open the door to tort damages by alleging that the promises broken were never intended to be performed." *Bower*, 978 F.2d at 1012.

Furthermore, Plaintiff must allege fraud with particularity. Fed. R. Civ. P. 9(b); *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Other than Defendant Kevin Werner, Plaintiff fails to plead with particularity who did what to whom and when. Instead, he lumps the Defendants together. Such allegations do not meet the particularity mandates of Rule 9(b). *See*

4

*Shapo v. Engle*, No. 98 C 7909, 1999 WL 1045086, at *13 (N.D. Ill. Nov. 12, 1999).

## III. Breach of Contract (Count II)

Defendants argue that the Court should dismiss Plaintiff's breach of contract claim because Plaintiff has failed to allege specific facts as to each Defendant. A breach of contract claim, however, is governed by the liberal notice pleading requirements of Rule 8. *See Williams v. Seniff*, 342 F.3d 774, 792 (7th Cir. 2003). Plaintiff's allegations meet this standard.

## IV. Fiduciary Duty (Count III)

Defendants argue that the Court should dismiss this claim because Plaintiff has failed to plead the existence of a fiduciary duty. A contractual relationship alone does not normally create a fiduciary duty. *Oil Express Nat'l, Inc. v. Latos*, 966 F. Supp. 650, 650-51 (N.D. Ill. 1997). However, "a fiduciary relationship may be established by a showing that confidence was reposed on one side and domination and influence resulted on the other." *Glovaroma, Inc. v. Maljack Prods., Inc.*, No. 96 C 3985, 1998 WL 102742, at *4 (N.D. Ill. Feb. 26, 1998) (citations and quotations omitted).

Here, Plaintiff alleges that a fiduciary duty existed between the parties. He further alleges that Defendants "had complete dominance and superiority" in the business relationship. (R. 15-1, SAC ¶¶ 6, 27.) Drawing all inferences in the light most favorable to Plaintiff, as the Court must, the Court finds that Plaintiff has sufficiently alleged the existence of a fiduciary duty. Whether or not Plaintiff can prove these allegations is an issue for another day.

## V. Breach of A Covenant of Good Faith and Fair Dealing (Count IV)

In Count IV, Plaintiff purports to allege a cause of action for breach of a covenant of good faith and fair dealing. As the Court previously noted, this is not an independent cause of action

5

under Illinois law. *See APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 628 (7th Cir. 2002). Accordingly, Count IV is dismissed.

## VI.     Constructive Fraud (Count V)

Defendant argues that Plaintiff has failed to state a claim for constructive fraud because he has not alleged a fiduciary relationship between the parties. Because the Court has found that Plaintiff's fiduciary allegations are sufficient at this stage, Defendants' motion is denied as to the constructive fraud claim.

## VII.    Subject Matter Jurisdiction

Because Plaintiff relies on diversity jurisdiction pursuant to 28 U.S.C. § 1332, the amount in controversy must exceed $75,000 and there must be complete diversity of citizenship. Plaintiff "bears the burden of proving that the case is properly in federal court, as it is he who is trying to invoke federal jurisdiction." *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 979 (7th Cir. 2000). Further, Plaintiff must make his claim of damages exceeding $75,000 in good faith. *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). Plaintiff claims to have suffered $35,353.41 in compensatory damages, $120,000 in consequential damages and $2,000,000 in punitive damages. (R. 15-1, SAC at 13.) If Plaintiff's claims for consequential and punitive damages fail, this Court lacks jurisdiction to entertain the case because the amount in controversy will be only $35,353.41.

### A.      Consequential Damages:

Plaintiff alleges $120,000 in consequential damages based on his contention that he was unable to purchase a house in September 2002 because he had not received his profit from Defendants. Plaintiff alleges that he would have received a $120,000 profit on the house if he

had been able to purchase it. A plaintiff may recover consequential damages "where they were reasonably foreseeable, were within the contemplation of the parties at the time the contract was entered, or arose out of special circumstances known to the parties." *Mohr v. Dix Mut. County Fire Ins. Co.*, 143 Ill. App. 3d 989, 996, 493 N.E.2d 638, 643, 97 Ill. Dec. 831, 836 (Ill. App. Ct. 1986). *See Linc Equip. Servs., Inc. v. Signal Med. Servs., Inc.*, 319 F.3d 288, 289 (7th Cir. 2003). Such damages must not be too speculative or uncertain. *Bockman Printing & Servs., Inc. v. Baldwin-Gregg, Inc.*, 213 Ill. App. 3d 516, 527, 572 N.E.2d 1094 (Ill. App. Ct. 1991).

Plaintiff fails to allege that consequential damages were reasonably foreseeable, that Defendants contemplated them at the time they entered the contract, or that they arose out of special circumstances known to the parties. Although Plaintiff urges the Court to infer consequential damages from the complaint, the Court will not make such an inference based on the tangential allegations in the complaint.

**B.     Punitive Damages**

Given that Plaintiff's claim for consequential damages fails, Plaintiff's punitive damages claim must survive in order for the Court to have jurisdiction. Although Illinois law provides for punitive damages for fraud, the Court is dismissing Plaintiff's fraud claim for the reasons set forth above.

Plaintiff can also recover punitive damages with a fiduciary duty claim as long as the breach of duty is "accompanied by aggravating circumstances such as wilfulness, wantonness, malice or oppression so as to warrant their imposition as punishment." *In re Estate of Wernick*, 151 Ill. App. 3d 234, 249, 104 Ill. Dec. 486, 496, 502 N.E.2d 1146, 1156-57 (Ill. App. Ct. 1986), *modified on other grounds*, 127 Ill. 2d 61, 129 Ill. Dec. 111, 535 N.E.2d 876 (1989). "[P]unitive

7

damages can be awarded only for conduct that is outrageous either because defendant's acts are done with evil motive or a reckless indifference to others' rights." *LID Assocs. v. Dolan*, 324 Ill. App. 3d 1047, 1072, 756 N.E.2d 866, 887, 258 Ill. Dec. 592, 613 (Ill. App. Ct. 2001)(citing *Loitz v. Remington Arms* Co., 138 Ill. 2d 404, 415-16, 150 Ill. Dec. 510, 563 N.E.2d 397 (1990)). "In cases where the defendants contest punitive damage allegations, we require the plaintiff to support its claim with 'competent proof,' lest fanciful claims for punitive damages end up defeating the statute's requirement of a particular amount in controversy." *Del Vecchio*, 230 F.3d at 979.

Although Plaintiff has successfully alleged a breach of fiduciary duty, he has not alleged that the Defendants acted with wilfulness, wantonness, malice or oppression. Accordingly, punitive damages are not available for Plaintiff's breach of fiduciary duty claim.

Plaintiff has failed to successfully make a claim that more than $75,000 is the amount in controversy. His claim is only for $35,353.41. Accordingly, this Court does not have diversity jurisdiction over the case. Given that Plaintiff has not asserted any other basis for federal jurisdiction, Plaintiff's Second Amended Complaint is dismissed for lack of subject matter jurisdiction.

## CONCLUSION

Defendant's motion to dismiss is granted, and the case is dismissed for lack of subject matter jurisdiction.

Dated: December 5, 2003

ENTERED:

_____
AMY J. ST. EVE
United States District Court Judge